IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TERRY WHITE, TDCJ #503525** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:16-CV-59 |
| **WILLIAM STEPHENS, ET AL.,** | § § | |
| Defendants. | § § § § | |

**[PROPOSED] LIST OF STIPULATED FACTS**

Plaintiff Terry White and Defendants Darren Wallace and Lorie Davis respectfully submit this Proposed List of Stipulated Facts.

1.   Plaintiff Terry White is confined in the Alfred D. Hughes Unit in Gatesville Texas, operated and managed by the Texas Department of Criminal Justice ("TDCJ"). Plaintiff has been incarcerated since 1988 and sentenced to 75 years in prison.

2.   Plaintiff is housed in a maximum security prison as a G2 offender, which is the lowest classification for an inmate with his conviction.

3.   He is currently 63 years of age. Plaintiff is a sincere, adherent and practitioner of a Native American religious faith. Plaintiff sincerely believes growing long hair is mandated by his faith.

4.   On August 8, 2015, Plaintiff submitted an I-60 request seeking permission from the Warden's office to grow his hair long for religious reasons. His request was denied, and Plaintiff was informed, "You cannot grow out your hair. Only facial hair for religious purposes. You have to ask for a religious beard."

1

5.   Plaintiff grieved the denial of his request to grow his hair long for religious reasons. The response to Plaintiff's Step 2 Grievance stated, *inter alia*, "In accordance with AD-03.83 and SM-06.16 offenders are required to follow the established grooming standards to ensure compliance for reasons related to security, safety and sanitation."

6.   Under Section III(A)(6) of the Offender Orientation Handbook, the TDCJ requires male offenders to "keep their hair trimmed up the back of their neck and head.  Hair shall be neatly cut.  Hair shall be cut around the ears.  Sideburns shall not extend below the middle of the ears.  No block style, afro, or shag haircuts shall be permitted.  No fad or extreme hairstyles/haircuts are allowed.  No mohawks, tails, or designs cut into the hair are allowed."

7.   In order to comply with the TDCJ's grooming policy, Plaintiff is not permitted to grow long hair.  Defendants have denied his request to grow long hair as an accommodation to Plaintiff's religion.

8.   All male offenders are required to keep their hair trimmed up the back of their neck and head.  There is no exception to this grooming policy, including no exception based on a religious accommodation for those with a sincerely held religious belief.

9.   At least thirty-eight state prison systems and the federal prison system allow some form of exemption for long hair for male offenders, or have no restriction.

10.   The TDCJ allows female inmates to have long hair so long as the hair does not constitute an "extreme hairstyle."

11.   The TDCJ's current grooming policy for female inmates' hair, set forth below, places no express limitation on length:

> Female offenders shall not have extreme hairstyles. No mohawks, "tailed" haircuts or shaved/partially-shaved heads shall be allowed. Female offenders may wear braids in accordance with unit policy. Female offenders may go to the beauty shop on their unit; however, going to the beauty shop is a privilege. Female offenders

may be restricted from going to the beauty shop as the result of disciplinary action.

13.     The TDCJ allows many male inmates to grow and wear a religious beard that is compliant with TDCJ policy.

## Agreed Applicable Propositions of Law

14.     The TDCJ's grooming policy substantially burdens Plaintiff's religious practice to grow long hair.

15.     The TDCJ's grooming policy serves a compelling governmental interest in promoting and maintaining unit safety, good order and discipline, and controlling costs.

Dated: January 14, 2019

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General of Texas | **WINSTON & STRAWN LLP** |
| **JEFFREY C. MATEER**<br>First Assistant Attorney General | By: */s/ Rex A. Mann*<br>Scott. C. Thomas<br>State Bar No. 24046964 |
| **DARREN L. MCCARTY**<br>Deputy Attorney General for Civil Litigation | scthomas@winston.com<br>Rex A. Mann<br>State Bar No. 24075509 |
| **AMANDA J. COCHRAN-MCCALL**<br>Chief for General Litigation Division | rmann@winston.com<br>Ahtoosa A. Dale (*bar admission forthcoming*)<br>Texas Bar No. 24101443 |
| /s/ *Benjamin L. Dower*<br>**BENJAMIN L. DOWER**<br>Assistant Attorney General<br>Attorney in Charge<br>Texas State Bar No. 24082931<br>benjamin.dower@oag.texas.gov | adale@winston.com<br>2121 North Pearl Street<br>Suite 900<br>Dallas, Texas 75201<br>Telephone:  214-453-6500<br>Facsimile: 214-453-6400 |
| OFFICE OF THE ATTORNEY GENERAL<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin TX 78711-2548<br>(512) 463-2120 / Fax (512) 320-0667 | *Counsel for Plaintiff Terry White* |

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2019, a true and correct copy of the foregoing Proposed List of Stipulated Facts was filed via ECF and served on all counsel of record registered to receive service through such means.

*/s/ Rex A. Mann*
Rex A. Mann
